Tony and Carol Henderson
111 Oklahoma Road
Bingen, Washington 98605
(509) 538-2432


IN THE SUPERIOR COURT STATE OF WASHINGTON
IN AND FOR SKAMANIA COUNTY


| | |
|---|---|
| Tony S. and Carol Henderson, | NO. |
| Plaintiff, | VERIFIED COMPLAINT: VIOLATION OF THE CONSUMER PROTECTION ACT, TRUTH IN LENDING ACT, THE FAIR CREDIT REPORTING ACT AND INFLICTION OF INJURY |
| vs. | |
| Error! Reference source not found., | |
| GMAC Mortgage Corporation and | |
| First Mortgage Loan Servicing, | |
| Defendants. | |


COMES NOW Plaintiffs for their causes of action against Defendants and states as fol-
lows:

## I. PARTIES

1.1     Plaintiffs, Tony S. and Carol Henderson (hereafter "Hendersons or Plaintiff")

Plaintiffs are of majority age and residents of Skamania County Washington residing in their

home, which is the subject of this lawsuit, at 111 Oklahoma Road, Bingen, WA 98605.


COMPLAINT FOR DAMAGES                    Page 1 of 11

1.2    Defendant, Greater Acceptance Mortgage Corp. (hereinafter "Greater Accep-tance") was the original lender/loan owner of the subject loan that closed on or about November 18, 2002.  Greater Acceptance was or is doing business in the State of Washington by making mortgage loans to residents of Skamania County and the State of Washington, and by obtaining security interests in real property located in Skamania County and throughout the State of Washington. Greater Acceptance principal place of business is located at 940 Town & Country Road Orange, California  92868

1.3    Defendant, GMAC Mortgage Corporation (hereinafter "GMAC") is a foreign company doing business in Skamania County, State of Washington.  At all times relevant hereto Defendant GMAC owned and/or serviced Hendersons' mortgage loan.  GMAC principal place of business is located at 100 Witmer Rd, P.O. Box 963, Horsham, PA 19044-0963.

1.4    Defendant, First Mortgage Loan Servicing (Herein after "First Mortgage") is a foreign company doing business in Skamania County, State of Washington.  At all times relevant hereto Defendant First Mortgage owned and/or serviced Hendersons' mortgage loan. First Mort-gage principal place of business is located at 3451 Hammond Avenue, P.O. Box 780, Waterloo, IA 50704-0780.

## II.
## JURISDICTION

2.1    This Court has jurisdiction over the parties and subject matter herein, because the subject property is located in Skamania County.

2.2    This Court has Jurisdiction over the federal claims 28 USC §1331 and 28 USC §1334(b).

COMPLAINT FOR DAMAGES                    Page 2 of 11

## III.
## FACTS

3.1     Plaintiffs, the Henderson's are homeowners in Skamania County Washington, re-siding in their home at 111 Oklahoma Road, Bingen, WA 98605 for 20 years plus.

3.2     The Hendersons, refinanced their old loan with Greater Acceptance. A represen-tative of Defendant Greater Acceptance called them on the phone. During the loan process the Hendersons never met with any representative of Greater Acceptance.  The Hendersons only spoke on the telephone with Greater Acceptance. The Hendersons were advised that they were making a loan application and were asked for financial information. At no time prior to the loan signing did the Hendersons receive a copy of this loan application and or the mandatory disclo-sures under Federal Truth in Lending Act or the State disclosures, from any of the Defendants.

3.3     When the Hendersons actually went to the loan signing on or about November 18, 2002, the Hendersons were rushed through the loan closing and received an unsigned copy of the loan documents (Complete Copy attached as Exhibit "A"). Inside the loan documents were the required disclosures, under the TILA, except the two required copies each of the notice of right to cancel or rescind the loan transaction. The Hendersons only received one copy of the notice of right to cancel, with both names attached at bottom and no dates filled in (Copy attached as Ex-hibit "B").

3.4     On March 30th, 2005 the Hendersons sent via certified mail a letter to all Defen-dants rescinding the loan transaction. (Copy attached as Exhibit "C") To date no answer has been sent or given to the Hendersons.

3.5    The Hendersons entered into the loan transaction with Defendant Greater Accep-
tance in November 2002 wherein they signed a Promissory Note and agreed to repay Defendant
Greater Acceptance and/or its assignees the amount owed under that Note and that debt was se-
cured by a Deed of Trust that was recorded in the records of Skamania County, Washington. The
Hendersons are informed and believes and thereon alleges that the Henderson's loan was "pack-
aged" and/or sold or assigned to Defendant GMAC shortly after closing.

3.6    The Henderson's monthly mortgage payments were $665.47.   The Hendersons
made their monthly payments on a regular basis initially. But, in August 2004 they had some em-
ployment problems and became delinquent on several payments. The Hendersons called Defen-
dant's servicer First Mortgage Loan Servicing who is a subsidiary of Defendant GMAC. The
Hendersons and the servicer came to the conclusion that if within 30 days the Hendersons could
pay the arrears the loan would proceed as normal. On or about 10/18/04 the Hendersons sent one
full payments to GMAC and again on 10/19/04 sent one full payment. On 10/23/04 the Hender-
sons were going to send the last payment, all within the 30 days agreed upon by First Mortgage,
GMAC and the Hendersons. The Hendersons received back all the later late payments made in
the mail on 10/23/04, all within the 30 days agreed upon (Copies attached hereto as Exhibit "D").
These three payments would have caught the Hendersons up on all late payments. GMAC and
First Mortgage then started a foreclosure action (Copies attached as Exhibit "E"). The Hender-
sons were then required to file for Chapter 13 bankruptcy protection in 2005 due to financial
pressures of Defendant GMAC, Greater Acceptance and First Mortgage.

3.7    The Hendersons received false and misleading disclosures from representatives of
the Defendants, Greater Acceptance and/or GMAC, during the period before closing and/or did

COMPLAINT FOR DAMAGES              Page 4 of 11

not receive proper disclosures such as proper Truth in Lending disclosures and the required dis-

closures under the Home Owners Equity Protection Act. The Hendersons did not receive the

proper amount of copies of the right to cancel or rescind with proper dates filled in on them. (See

exhibit "B")

3.8    All of the Defendants' conduct with regard to Plaintiffs via extreme motional

distress constitute the tort of outrage and entitles Plaintiff to damages in an amount to be proven

at the time of trial but in excess of $50,000.

3.9    All of the Defendants' conduct with regard to Plaintiff constitutes the tort of

intentional infliction of emotional distress and/or reckless disregard for the infliction of

emotional distress, which entitles Plaintiff to an award of damages in an amount to be proven at

the time of trial but in excess of $50,000.

3.10  In the alternative, all of the Defendants' conduct with regard to Plaintiff resulted in

the negligent infliction of emotional distress, which entitles Plaintiff to an award of damages in

an amount to be proven at the time of trial but in excess of $50,000.

## IV.

## ILLEGAL FORECLOSURE

4.1    Plaintiffs repeat and reallege each and every item and allegation above as if fully

and completely set forth herein.

4.2    Defendants attempted foreclosure and/or did foreclose on the Plaintiffs after all

back payments were made or was to be made within the 30 days as agreed upon by the Plaintiffs

and Defendants. Defendants did not have standing to bring a non-judicial foreclosure against the

COMPLAINT FOR DAMAGES                    Page 5 of 11

Plaintiffs because of that agreement. The agreement was breached by Defendants in violation of the foreclosure laws of the State of Washington.

4.3    Defendants have engaged in a pattern and practice of illegally foreclosing on the Plaintiffs as well as the citizens of this state entitling the Plaintiffs to a void foreclosure.

## V.

### VIOLATION OF THE CONSUMER PROTECTION ACT

5.1    Plaintiffs repeat and reallege each and every item and allegation above as if fully and completely set forth herein.

5.2    All of the Defendants have engaged in a pattern of unfair practices mentioned in the facts above in violation of the Washington Consumer Protection Act, RCW 19.86 et seq. entitling Plaintiff to damages, treble damages and reasonable attorney fees and costs pursuant to statute.

5.3    Plaintiff alleges that all of the Defendants' actions and inactions have impaired and damaged Plaintiffs credit, entitling Plaintiff to damages to be proven at the time of trial.

## VI.

### VIOLATION OF THE TRUTH IN LENDING ACT

6.1    Plaintiff repeats and realleges each and every item and allegation above as if fully and completely set forth herein.

6.2    All of the Defendants have engaged in a pattern of unfair practices in violation of the Truth in Lending Act, 15 USC §1601 et seq., 15 USC §1635(a), (b) and (g) and 15 USC

COMPLAINT FOR DAMAGES              Page 6 of 11

§1639, entitling Plaintiff to damages under 15 USC §1640 et seq., enhanced damages, rescission and reasonable attorney fees and costs pursuant to statute.

Plaintiffs sent a rescission letter rescinding the entire loan. 15 USCA §1635(b) requires the Lender to take certain steps in rescinding the loan. Lender failed to take the proper action as required by the Truth in Lending Act. Therefore, Plaintiffs are entitled to a second cause of action under 15 USCA §1640 et seq. plus rescission of the entire Loan.

## VII.

## VIOLATION OF THE FAIR CREDIT REPORTING ACT

7.1    Plaintiffs repeat and reallege each and every item and allegation above as if fully and completely set forth herein.

7.2    At all relevant times in this lawsuit, Defendants, Greater Acceptance and/or GMAC qualified as a provider of information to Credit Reporting Agencies under the Fair Credit Reporting Act and reported negative marks against Plaintiffs. Plaintiffs are entitled to maintain a private cause of action against these Defendants for an award of damages in an amount to be proven at the time of trial for all violations of that act which caused actual damage to Plaintiff, including emotional distress and humiliation, under 15 U.S.C. §1681s-2(b). Plaintiff is entitled to recover damages from Defendants for negligent non-compliance under 15 U.S.C. §1681o and Plaintiff is entitled to an award of punitive damages against Defendants for willful non-compliance under 15 U.S.C. §1681n(a)(2) in an amount to be proven at the time of trial.

COMPLAINT FOR DAMAGES                           Page 7 of 11

## VIII.

## BREACH OF CONTRACT AND INFLICTION OF INJURY.

8.1    Plaintiffs repeat and realleges each and every item and allegation above as if fully and completely set forth herein.

8.2    Plaintiff has been under severe stress due to the risk of foreclosure of his home and the failure of the Defendants to resolve the outstanding loan and payment issues.

8.3    As a result of all of the Defendants' negligence in failing to resolve the mortgage and loan issues, Defendants have breach the contract. Plaintiffs have suffered injury including damages for pain and suffering and emotional distress. The injuries are continuing in nature.

8.4    The amount of Plaintiff's damages are currently unknown and will be established at time of trial.

## IX.

## RELIEF SOUGHT

Wherefore, having set forth various causes of action against Defendants, Plaintiff prays for the following relief:

1.    That the foreclosure or attempted foreclosure in a non-judicial setting be deemed illegal and void and the same be enjoined;

2.    That all back payments be deemed paid as result of the Defendants breach;

3.    That judgment be entered against all of the Defendants awarding Plaintiff damages in an amount to be proven at the time of trial but in excess of $50,000;

4.      That the actions of all of the Defendants be determined to be unfair and deceptive business practices in violation of RCW 19.86 and that this Court award all such relief to Plaintiffs as they may be entitled to under the Consumer Protection Act, including treble damages and an award of costs and attorney's fees;

5.      That the actions of the Defendants be determined in violation of the Truth in Lending Act, for the non-compliance of 15 USC §1635(a), which in turn triggers rescission and non-compliance of 15 USC §1635(b), which in turn causes the loan to be rescinded without the Plaintiffs ever paying for it, and the Court grant rescission in accordance with 15 USC §1635(b) including return of all finance charges and payments and award other damages provided by 15 USCA §1640.

6.      That the actions of the Defendants be determined in violation of the Truth in Lending Act, 15 USC §1639 et. seq. which in turn triggers rescission under 15 USC §1635(a) and that the Court grant rescission with enhanced damages and actual damages; as provided by 15 USCA §1635(b) and 15 USCA §1640(a)(4).

7.      That the actions of the Defendants be determined in violation of the Truth in Lending Act at 15 USC §1639 and that this Court award all such relief to Plaintiffs as they may be entitled to under the Truth in Lending Act, including enhanced damages under 15 USC §1640(a)(4) and an award of costs and attorney's fees;

8.      That the Plaintiffs be awarded $4000.00 statutory penalty for the violations of the Truth in Lending Act;

COMPLAINT FOR DAMAGES                    Page 9 of 11

9.    That the Plaintiff be awarded consequential damages, including attorney's fees incurred to bring this action, in an amount to be fully proved at the time of trial but in excess of $25,000;

10.    That the Plaintiff be awarded his fees and costs pursuant to the written loan agreements which bind the Defendants; and

11.    That the Court award Plaintiffs all relief to which he is entitled under the Fair Credit Reporting Act, including an award of punitive damages against the Defendants, Greater Acceptance and/or GMAC for willful violations of the FCRA; and

12.    That the Court award such other relief as it deems just and proper.

## X.

## RIGHT TO AMEND

Plaintiffs reserve the right to amend this Complaint, asserting other facts and causes of action after further investigation and discovery.

DATED this _13th_ day of _October_ 2005.

_Tony Henderson_
Tony S. Henderson

_Carol Henderson_
Carol Henderson

COMPLAINT FOR DAMAGES                    Page 10 of 11

VERIFICATION

Notary:

I certify that I know or have satisfactory evidence that Tony S. and Carol Henderson are the persons who appeared before me, and said persons acknowledged that they signed this instrument and acknowledged it to be their free and voluntary act for the uses and purposes mentioned in the instrument.

Notary *for WA. State*

*April 24, 2007*
My commission Expires



COMPLAINT FOR DAMAGES                Page 11 of 11